IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

DONALD ORVELL BONDS,

    Plaintiff,

                               No. 18-2362-MSN-dkv

vs.

CITY OF RIPLEY POLICE DEPARTMENT,
JOHN PAVELETIC, Mayor,
DONNELL BALTIMORE, Police Chief of Police,
PAUL HANKINS, Board Member,
NYRITA ALSTON, Board Member,
BILLY CHIPMAN, Board Member,
JANICE TREADWAY, Board Member,
BILL DAVIS, Board Member, and
ALONZO BEARD, Board Member,

    Defendants.

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR
INSUFFICIENT SERVICE OF PROCESS

_____

Before the court is the January 2, 2019 motion of the defendants, City of Ripley Police Department, John Paveletic,[1] Donnell Baltimore, Paul Hankins, Nyrita Alston, Billy Chipman, Janice Treadway, Bill Davis, and Alonzo Beard, (collectively "the Defendants") specially appearing through counsel for the limited purpose of filing a motion, pursuant to Federal Rules of Civil Procedure 12(b)(5), to dismiss the complaint filed by the plaintiff, Donald Orvell Bonds ("Bonds"), proceeding *pro se*, for

_____

[1]According to the Affidavit of John Pavletic, his name is incorrectly spelled on the complaint and docket sheet. The

insufficient service of process. (ECF No. 1.) Bonds has not responded to the motion, and the time for response has expired. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that the motion of the defendants to dismiss for insufficient service be granted and that this case be dismissed without prejudice.

## I. PROPOSED FINDINGS OF FACT

On May 25, 2018, Bonds, a former lieutenant with the Ripley Police Department, filed a *pro se* complaint against nine separate defendants, including the mayor, the police chief, and members of the Board of Aldermen of the City of Ripley, alleging race and color discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Compl., ECF No. 1.) Bonds paid the $400 filing fee, (ECF No. 2), and on June 4, 2018, the clerk of court issued nine summonses to Bonds for service on the nine named defendants. (ECF Nos. 7-15.) On June 18, 2019, Bonds filed with the court Proofs of Service for all nine summonses. (ECF Nos. 16-24.)

---

correct spelling of his name is "Pavletic."

According to the affidavit of Donna Buckner, City Recorder/Treasurer for the City of Ripley, Tennessee, filed by the Defendants in support of their motion to dismiss, the nine summonses were mailed by means of certified mail addressed to each named defendant at 110 S. Washington, Ripley TN 38063. (Buckner Aff., ECF 28-1.) The named defendants did not sign the certified mail receipts; instead Buckner signed the "green cards" attached to the envelopes addressed to the mayor, John Paveletic, and the six members of the Board of Aldermen - Paul Hankins, Nyrita Alston, Billy Chipman, Janice Treadway, Bill Davis, and Alonzo Beard, and a police dispatcher, Sandy Coss, signed the envelopes addressed to the Ripley Police Department and the police chief, Darrell Bonner. (*Id.*) Buckner did not mark the boxed labeled "agent" on the green cards when she signed them. (*Id.*) Buckner is not authorized to accept service for the mayor or the Board of Aldermen members, and Coss is not authorized to accept service for the Ripley Police Department, an agency of the City of Ripley, or for the police chief. (*Id.*) There were no copies of the complaint in any of the nine envelopes, and more than ninety days have passed since the complaint was filed and no defendant has been served with a copy of the complaint. (*Id.*)

Pursuant to Local Rule 12.1(b), Bonds had 28 days to file a response to the Defendants' motion to dismiss. The time to do so

has expired, and Bonds has not filed any response. Because Bonds has not responded and has not disputed the facts set forth in the sworn affidavits of the Defendants submitted in support of their motion to dismiss, the court decides the issue of the sufficiency of service of process as a question of law. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999)(citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1154 (6th Cir. 1991)(noting that where facts are undisputed, determination of whether service of process is adequate is a question of law).

## II.  PROPOSED CONCLUSIONS OF LAW

In their motion to dismiss, the Defendants seek an order dismissing all of Bond's claims without prejudice for insufficient service of process or, alternatively, ordering Bonds to effect service within a specified time. (Def.'s Mot. to Dismiss 3, ECF No. 27.) The Defendants assert that service of process without a copy of the complaint is insufficient and that Buckner and Coss, who signed for the certified mail, were not authorized to receive service of process on behalf of any of the named defendants; therefore, the Defendants have not been properly served. (Def.'s Mem. Supp. Mot. to Dismiss 2, ECF No. 9-1.)

As this court explained in *Collins v. Waste Management*:

"Due process requires proper service of process for a

court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)(citations omitted); *see also Omni Capital, Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990)(stating the same). Courts do not "allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *see also Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991)(noting that defendant's actual notice of litigation is not a substitute for proper service under Rule 4).

*Collins v. Waste Management*, No. 17-2704-SHL-dkv, 2017 U.S. Dist. LEXIS 215320, at *3 (W.D. Tenn. Dec. 22, 2107) *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 6203 (W.D. Tenn. January 14, 2018.)

Federal Rule of Civil Procedure 4 governs service of a summons and complaint in federal courts. Rule 4(j) of the Federal Rules of Civil Procedure provides that a municipal corporation, or any other state-created governmental organization that is subject to suit, must be served by: "delivering a copy of the summons and of the complaint to its chief executive officer or . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j). Tennessee law provides for service on a municipality by delivery of the summons and complaint to the chief executive officer or

the city attorney, Tenn. R. Civ. P. 4.04(8), or by certified mail addressed to the chief executive officer or the city attorney, Tenn. R. Civ. P. 4.04(10). However, service by certified mail is typically insufficient if the defendant or an authorized agent does not sign for the mail. *See Dolan v. United States*, 514 F.3d 587, 595-96 (6th Cir. 2008)(finding insufficient service where certified mail receipt was signed by person whose authority was not shown in the record); *Fite v. Comtide Nashville, LLC*, 686 F. Supp. 2d 735, 746 (M.D. Tenn. 2010)(quoting *Massey v. Hess*, No. 1:05-cv-249, 2006 WL 2370205, at *2 (E.D. Tenn. Aug. 14, 2006))("While the Tennessee Rules of Civil Procedure permit service by mail, unless the package is actually received and signed for by the defendant or his 'authorized agent,' service of process by mail delivery is not effective.").

Both federal law and Tennessee law require a copy of the complaint to be served along with the summons. Fed. R. Civ. P. 4(c)(1); Tenn. R. Civ. P. 4.04(3), (10). Service of summons without a complaint is not effective service. *Collins*, 2017 U.S. Dist. LEXIS 215320, at *4(citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1345—46 (5th Cir. 1992)(holding that service of summons without complaint is not effective); *Dividock v. KCAD-FSU*, No. 5:05-cv-74, 2005 WL 2090895, at *1-2 (W.D. Mich. Aug. 30, 2005)(finding service not

effective where *pro se* plaintiff served defendant with a copy of the summons without a copy of the complaint); *see also* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1093, at 677-78 (4th ed. 2015)(stating that even though a complaint is on file in the clerk's office, service of a summons without a copy of the complaint is not effective service).

Here, service on all nine defendants was insufficient under both federal and Tennessee law because Bonds failed to serve a copy of the complaint docketed in this case along with the summonses. In addition, because Bonds did not serve the summons on the Chief Executive Officer of the City of Ripley or on the city attorney, Bonds did not properly serve the City of Ripley or the Ripley Police Department, which is an agent of the City of Ripley, and Bonds did not properly serve the other defendants because he failed to serve someone authorized to receive service of process on their behalf. The service of process in this case is therefore improper under Federal Rule of Civil Procedure 4(c)(1), (e), and (j), as well as under Tennessee Rule of Civil Procedure 4.04(3), 4.04(8), and (10).

Rule 4(m) requires a defendant to be served with 90 days after a complaint is filed. According to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the

plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because Bonds has not effected proper service of process within 90 days of the filing of the complaint, the court must dismiss this case without prejudice or order that effective service be made in accordance with Rule 4(m). Bonds has not responded to the motion to dismiss for ineffective service of process, and therefore the court should dismiss this case without prejudice pursuant to Rule for insufficient service of process under Rule 12(b)(5).

### III.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Defendants' motion to dismiss be granted and that this case be dismissed without prejudice.

Respectfully submitted this 25th day of March, 2019.


s/Diane K. Vescovo_____
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE


### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.