IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

DONALD ORVELL BONDS,

    Plaintiff,

v.

CITY OF RIPLEY POLICE DEPARTMENT,
JOHN PAVELETIC, Mayor,
DONNELL BALTIMORE, Chief of Police,
PAUL HANKINS, Board Member,
NYRITA ALSTON, Board Member,
BILLY CHIPMAN, Board Member,
JANICE TREADWAY, Board Member,
BILL DAVIS, Board Member, and
ALONZO BEARD, Board Member,

    Defendants.

Case No. 2:18-cv-2362-MSN-dkv

_____

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION
AND
ORDER DIRECTING PLAINTIFF TO EFFECTUATE SERVICE WITHIN 45 DAYS**
_____

    Before the Court is the Chief Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss for Insufficient Service of Process dated March 25, 2019 ("Report"). (ECF No. 29.) The Report recommends that Defendant's motion be granted and the action be dismissed without prejudice. (*Id.*) For the reasons set forth below, the Court **ADOPTS** the Report, except as to the recommendation for dismissal without prejudice. Defendant's motion is **GRANTED** to the extent it requests the Court order that service be made within a specified time.

# BACKGROUND

As set forth in the Report,

> [o]n May 25, 2018, Bonds, a former lieutenant with the Ripley Police Department, filed a *pro se* complaint against nine separate defendants, including the mayor, the police chief, and members of the Board of Aldermen of the City of Ripley, alleging race and color discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") (Compl., ECF No. 1.) Bonds paid the $400 filing fee, (ECF No. 2), and on June 4, 2018, the clerk of court issued nine summonses to Bonds for service on the nine named defendants. (ECF Nos. 7-15.) On June 18, 2019, Bonds filed with the court Proofs of Service for all nine summonses. (ECF Nos. 16-24.)
>
> According to the affidavit of Donna Buckner, City Recorder/Treasurer for the City of Ripley, Tennessee, filed by the Defendants in support of their motion to dismiss, the nine summonses were mailed by means of certified mail addressed to each named defendant at 110 S. Washington, Ripley TN 38063. (Buckner Aff., ECF 28-1.) The named defendants did not sign the certified mail receipts; instead Buckner signed the "green cards" attached to the envelopes addressed to the mayor, John Paveletic, and the six members of the Board of Aldermen - Paul Hankins, Nyrita Alston, Billy Chipman, Janice Treadway, Bill Davis, and Alonzo Beard, and a police dispatcher, Sandy Coss, signed the envelopes addressed to the Ripley Police Department and the police chief, Darrell Bonner. (*Id.*) Buckner did not mark the boxed labeled "agent" on the green cards when she signed them. (*Id.*) Buckner is not authorized to accept service for the mayor or the Board of Aldermen members, and Coss is not authorized to accept service for the Ripley Police Department, an agency of the City of Ripley, or for the police chief. (*Id.*) There were no copies of the complaint in any of the nine envelopes, and more than ninety days have passed since the complaint was filed and no defendant has been served with a copy of the complaint. (*Id.*) Pursuant to Local Rule 12.1(b), Bonds had 28 days to file a response to the Defendants' motion to dismiss. The time to do so has expired, and Bonds has not filed any response. Because Bonds has not responded and has not disputed the facts set forth in the sworn affidavits of the Defendants submitted in support of their motion to dismiss, the court decides the issue of the sufficiency of service of process as a question of law. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1154 (6th Cir. 1991) (noting that where facts are undisputed, determination of whether service of process is adequate is a question of law).

(ECF No. 29 at PageID 135–36.)

Based on the above, the Report concludes that service on all nine defendants was insufficient, under both federal and Tennessee law because Plaintiff failed to serve a copy of the

complaint along with the summonses. (ECF No. 29 at PageID 140.) Additionally, the Report finds that service upon the City of Ripley or the City of Ripley Police Department was insufficient because Plaintiff did not serve the summons and complaint on the Chief Executive Officer of the City of Ripley or the city attorney. (*Id.*) Finally, the Report finds that service upon the other Defendants was also insufficient because Plaintiff failed to serve someone authorized to receive service of process on their behalf. (*Id.*)

Accordingly, the Report concludes that the court must either dismiss the case without prejudice or order that effective service be made in accordance with Rule 4(m) because Plaintiff did not make proper service of process within 90 days of the filing of the complaint. (*Id.* at PageID 140–41.) At the time the Report was issued, Plaintiff had not responded to Defendant's motion, and therefore, the Report recommends dismissing the case without prejudice. (*Id.* at PageID 141.)

On April 1, 2019, six days after the Report was issued, Plaintiff's response was received by the clerk's office. (ECF No. 30.) Neither Plaintiff nor Defendants have filed objections to the Report.

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de*

*novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

In reviewing the Report, the Court has considered Plaintiff's response to Defendant's motion and concludes that the response does not alter the Report's analysis or conclusion as to the insufficiency of the service of process by Plaintiff. Plaintiff's response merely acknowledges the arguments made in Defendant's motion without addressing them. The only fact Plaintiff seems to dispute is whether the complaint was served with the summonses. (ECF No. 30 at PageID 143.)

However, Plaintiff has not pointed to anything in the record supporting that the complaint was served with the summonses, and he further states that "[s]o as not to seem the Plaintiff is perfect we stipulate there could have been a mistake on the Plaintiff's part." (*Id.*) Plaintiff also confusingly argues that the 90-day deadline to effect service was April 28, 2019 because the government was "in stay" from December 28, 2018 to January 28, 2019. (*Id.* at PageID 143.) However, Plaintiff's complaint was filed May 25, 2018, and therefore, Plaintiff's 90-day period expired August 23, 2018, well before Plaintiff's asserted dates of the government "stay." Plaintiff requests that the Court deny dismissal of his case and allow him additional time to make service on all Defendants. (*Id.* at PageID 144.)

Rule 4 of the Federal Rules of Civil Procedure requires that a summons be served upon each defendant along with a copy of the complaint. Fed. R. Civ. P. 4(b) & (c)(1). The plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 133 (1980).

If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Establishing good cause is the plaintiff's responsibility and necessitates a demonstration of why service was not made within the time constraints." *Bailey v. Ingram*, No. 16-6707, 2017 WL 5644368, at *2 (6th Cir. Aug. 30,

2017) (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)) (internal alterations & quotation marks omitted).

Here, Plaintiff has yet to effectuate proper service pursuant to the Rules of Civil Procedure. Plaintiff's *pro se* status does not establish good cause, and Plaintiff has failed to come forward with any facts or evidence to demonstrate good cause.

However, the court has the discretion to grant additional time for service even if there is no good cause shown. *See Stewart v. Tennessee Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. 2000); *Stanley v. Ohio Dep't of Rehab.*, No. C2-02-178, 2002 WL 31844686, at *2 (S.D. Ohio Dec. 12, 2002); *Taylor v. Stanley Works*, No. 4:01-CV-120, 2002 WL 32058966, at *6 (E.D. Tenn. July 16, 2002); *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324–26 (E.D. Mich. 2001). In *Slenzka*, the court discussed the five factors a court should consider when determining whether to exercise its discretion to extend the time for service:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, i.e., cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

*Taylor*, 2002 WL 32058966, at *7 (citing *Slenzka*, 204 F.R.D. at 326; *Wise v. Dep't of Defense*, 196 F.R.D. 52, 57 (S.D. Ohio 1999)).

In considering these factors, the Court determines that the majority of the factors weigh in favor of granting Plaintiff additional time. The Court does not believe that a significant extension is required to effectuate service or that an extension would cause actual prejudice to Defendants. Moreover, Defendants have actual notice of the lawsuit, and Plaintiff made a good faith effort to effectuate service. Lastly, a dismissal would likely prejudice Plaintiff by subjecting him to be time-barred by the statute of limitations for his Title VII claims.

The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report's findings of fact and conclusions of law, except as to the recommendation that the action be dismissed without prejudice. Instead of dismissing the action without prejudice, the Court hereby **ORDERS** Plaintiff to effectuate service upon Defendants within 45 days of the date of this Order. If Plaintiff fails to do so, the Court will dismiss this action for failure to effect service. Plaintiff is reminded that service must include the summons and complaint. No further extensions will be granted.

## CONCLUSION

For the reasons set forth above, the Report is **ADOPTED** except to the extent it recommends dismissal without prejudice of Plaintiff's action. Plaintiff is **ORDERED** to effectuate service upon Defendants within 45 days of this Order.

**IT IS SO ORDERED**, this 30th day of September, 2019.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE